### NEW ORLEANS, JACKSON AND GREAT NORTHERN RAILROAD COMPANY *v.* R. W. ESTLIN.

The Statute of 1852, which declares that " the prescription of all other open accounts, the prescription of which is ten years, under existing laws, shall be prescribed by three years," is not applicable to the case of a demand for balance of subscription to the capital stock of a corporation.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J.
    *George W. Christy,* for plaintiff.    *C. T. Estlin,* for defendant and appellant.

SPOFFORD, J.   The defendant is sued for the balance of his subscription to the capital stock of the New Orleans, Jackson and Great Northern Railroad Company.

He admits that he subscribed for eighty shares at twenty-five dollars per share and has only paid one hundred dollars.

The plaintiff has proved that all the installments have been called for, pursuant to the articles of the company, and that due publication has been made of the calls.

The defendant relies solely upon a plea of prescription to defeat the collection of the installments of five per cent. due May, 1852 ; of ten per cent due September, 1852, and of ten per cent. due December, 1852.

The second section of the Act "relative to prescription," approved March 5th, 1852, (Session Acts, p. 90,) declared that "the prescription of all other *open accounts,* the prescription of which is ten years under existing laws, shall be prescribed by three years."

But the defendant was not sued upon an open account. The demand is based upon an express and written contract. The defendant's subscription bound him to pay a liquidated sum. The money was to be paid only in installments it is true, and these were to be fixed by the action of certain officers who were the agents of the defendant and his associates in the company. Certain prescribed notices were to be given as conditions precedent to the right of the company to enforce payment.

But these stipulations did not transform the defendant's express contract to pay the amount subscribed into an "open account."

The statute upon which he relies is, therefore, inapplicable to the case.

Judgment affirmed.

Mr. Justice LEA recused himself on the ground of interest.