## The Police Jury of St. Helena *v.* David J. Fluker, Administrator.

The demand required to be made of an administrator, curator, or testamentary executor, before commencing suit against a succession, is in the nature of an amicable demand, and need not he proved, unless specially denied.

Police Juries are civil corporations, and may sue and be sued.

Where the demand in the petition exceeds five hundred dollars, but the amount in dispute has been reduced below that sum by pleas of prescription and *res judicata*, the testimony of a single witness, without corroborating circumstances, will suffice to establish the plaintiffs' claim for such reduced amount.

Appeal from the Court of Probates of East Feliciana, *Saunders*, J.

*Mure*, for the plaintiffs.

*Lyons*, for the appellant.

Garland, J. The petition alleges, that Kenion T. Kendrick, during the years 1823, 1824, 1825, and 1826, acted as the sheriff of the parish of St. Helena, and assumed upon himself the duties of collector of the parish taxes during those years; that he received the taxes, and accounted for a portion of them, leaving a balance still due of $765 13, which sum is now claimed of his administrator. It is alleged that the claim has been presented to Fluker, who refuses to pay it, or to recognise it as a debt due by the succession.

The defendant filed an exception to the capacity of the plaintiffs to sue, because the action is not brought by the proper individuals, and the names of the plaintiffs are not set out, and on the ground, that the Police Jury could not institute this suit. He then proceeds, in the event of his exception being overruled, to answer to the merits by a general denial.

At a subsequent term of the Court, the defendant amended his answer, and filed a plea of *res judicata*, setting forth two suits which had been brought by William George, Treasurer of the parish of St. Helena, against Kendrick, in his life time, for the use and benefit of the Police Jury, in which the same matters were in contestation, and in which judgments were rendered in favor of the defendant. He also pleaded the prescription of one year. He further said, that in the years for which the balances are claimed, no legal assessments were made, and the payment of the taxes

could not be enforced in the parish of St. Helena; and that Kendrick had paid all the moneys he ever collected. He further says, if Kendrick is liable at all, it is on the official bonds which he gave, faithfully to collect the parish and state taxes. He subsequently filed a plea of prescription of ten years.

On the trial, it was proved by Thomas Webb, that he had acted as the deputy of Kendrick during the whole time that the latter was sheriff, which was in the years 1823, 1824, 1825, and 1826, during all which time Kendrick was collector of the parish taxes. The witness was present, when various payments were made by Kendrick, which are stated in the account filed with the petition. He also proves that the four tax rolls offered in evidence, were the tax rolls of the parish for the aforesaid years, and that they are the same that were placed in the hands of Kendrick as tax collector. He says that he has no interest in this suit.

The Probate Court decided, that for the taxes of 1823 and 1824, the claim was prescribed by the lapse of ten years. For those of the year 1825, the plea of *res judicata* was maintained, and a judgment for $444 52½, with legal interest, was given in favor of the plaintiffs, being the balance due of the taxes of 1826, from which judgment the defendant has appealed.

We are met at the threshold by various bills of exception. The first of which is to admitting Thomas Webb as a witness, to prove the account annexed to the petition. The defendant objects on the ground, that the law directs, sheriffs to give bonds for the faithful discharge of their duties, and that it having been proved that Kendrick acted as collector of taxes for several years, it must be presumed, that he gave such bonds, and that he can only be sued on them. It was further objected, that as the parish treasurer kept a record of moneys received for the use of the parish, his account would be the best evidence of the sums paid by Kendrick, and of his deficit. These objections were overruled, and an exception taken. The first ground seems to us rather an exception to the action, than a valid objection to the witness; it is at any rate a legal conclusion arising out of the pleadings, and does not show the incompetency or interest of the witness, and seems to take for granted an issue the Probate judge had to decide, and which was finally adjudged against the defendant. The other ground does not seem

to be more tenable. It is not shown that any record was kept, even if the law required the treasurer to keep one ; and it is the first time we have ever seen a defendant object, that evidence offered was not of the best kind, when the tendency of it was to lessen his own liability. We think the judge did not err.

. During the trial, the plaintiff offered in evidence the documents purporting to be the assessment rolls of the parish for the four years before mentioned. To the reading of them the defendant objected, on the ground that they were not proved, or authenticated. Thomas Webb was then offered to prove that they were the tax rolls, and the same which were placed. in the hands of Kendrick as sheriff or tax collector by the witness, whose testimony was objected to, on the ground that it was not the best evidence of which the case was susceptible. The objection was overruled, and the defendant excepted. The defendant has. not in his bill stated, what other better . evidence existed, by which the facts could be proved, and as we are not aware of its existence, we cannot say the judge erred. As to the assessment roll for the year 1826, for the taxes of which year only a judgment is given, it is duly certified by the assessors and parish judge in conformity to law ; and as to the others, it is a matter of no moment, as the case stands.

Many objections to other portions of the testimony were urged, but they do not appear to have been raised in the Court below, and we cannot notice them. All the objections appearing on the record, have been stated.

The first objection urged in this Court, is that the action must be dismissed, as there is no evidence of the demand having been presented to the administrator, previous to the institution of the suit. In reply to this, the plaintiffs say that the presentment and demand are alleged, and as they were not specially denied, that they were not bound to prove them. This appears to us. correct. The demand is in its character an amicable one, and stands upon the same principles as other amicable demands ; and we have often said, no proof of an amicable demand is necessary, unless specially denied.

We do not think that the judge erred in overruling the exception, as to the capacity of the Police Jury to institute this suit. Bodies of this description are civil corporations, created for purposes of local police, and have always been considered as qualified to

stand in judgment. 7 Martin, .17. ·The reports are full of cases, in which those bodies have been plaintiffs and defendants.

We are also of opinion that the court did not err in sustaining the plea of *res judicata*, in relation to the taxes of 1825. In the suit instituted by George, the parish treasurer, it is specially alleged that he was authorized by the Police Jury to sue, and that he does so for their use and benefit. His authority was denied, but sustained by the court ; and on the merits, the defendant had a verdict and judgment. The parties were essentially the same, the object of the suit was to recover the taxes of 1825, and though the evidence offered to sustain that action was different, the suit was not of so distinct a character as to induce us to go again into an investigation of the question. The enquiry would be a very useless one, as the plea of prescription would probably apply, if that of *res judicata* ·should prove ineffectual.

As to whether there were any legal assessments in the years 1823, 1824, and 1825, it is unnecessary to enquire, as the action for the two first years is clearly prescribed, and that for the taxes of the last it is already settled. The tax roll of 1826 appears to us to be in due form, and if no means existed of compelling the payment of taxes, Kendrick ought to have looked to it before he undertook the collection. He was not bound to collect the parish taxes, and when he assumed the duty, it is to be presumed he understood what difficulties existed.

. We are clearly of opinion that the prescription of one year does not apply in this case, but that the prescription of ten years does, and must prevent any recovery of the balance of taxes for 1823 and 1824.

The defendant has urged most earnestly, that the demand in this case exceeded $500, and that there is only one witness, Webb, to sustain it, without any corroborating circumstances. In the first place, the defendant, by his pleas of prescriptson and *res judicata*, has prevented us from examining a portion of the demand set up, and has thereby reduced the sum in controversy below $500. But even if that were not the case, we think there are corroborating circumstances in the record to sustain the testimony of Webb. The tax roll of 1826, which is good evidence without Webb's statements in relation to it, is one circumstance, and the admission found in the record of

the suit against Kendrick, that he acted as sheriff, is another circumstance; and others could be named, not depending on Webb's testimony.

The defendant insists that the judgment must be annulled, as it allows interest at five per cent per annum from its date. We do not think so. Kendrick was the agent of the plaintiffs to collect taxes for them, and to account. He was a public officer and a defaulter, and we think is bound to pay interest. Civ. Code, art. 2259. The claim for interest, can also be sustained under article 989 of the Code of Practice.

*Judgment affirmed.*