## ROBERT F. McGUIRE, for the benefit of the Police Jury of Ouachita *v.* HENRY M. BRY and others.

The Police Jury of a parish is a political corporation. It may sue or be sued, and act through agents of its own appointment.

The sureties on a bond given by a sheriff for the collection of the parish taxes, cannot, when sued as sureties for a portion of the taxes collected but not paid over by the sheriff, contest the legality of the ordinances of the Police Jury making the assessment. By receiving the tax roll, and executing the bond, the sheriff and his sureties recognized the authority of the Police Jury. It is too late to contest the validity of their ordinances, after having acted under them, and collected the taxes.

Notice to a principal, that if he do not pay before a certain time suit will be commenced against him, is not such an agreement for indulgence as precludes the party from suing, and thereby discharges the surety.

Separate bonds may be taken from a sheriff for the collection of the state and parish taxes, though one bond would be sufficient.

Bond, in the sum of $8935, for the collection of the parish taxes, " agreeably to the assessment roll." The taxes for ordinary parochial purposes amounted to $3573 66, and there was a special tax, of an equal amount, collected for a particular purpose. In an action on the bond : *Held*, that the sureties were bound for both, it being improbable that a bond would be executed for $8935 to secure the payment of $3573 66 only.

Where in an action against sureties who are bound jointly only, they claim in their answer the benefit of division, and it is not alleged that either is insolvent, the judgment must be against each for his virile portion.

A prayer for the amendment of a judgment must be made when the answer to the appeal is filed. It will be too late, when the case is fixed for trial.

APPEAL from the District Court of Ouachita, *King*, J.

GARLAND, J. The petitioner alleges that the defendants became the sureties of John Williams, late sheriff of Ouachita, on his bond for $8935, the condition of which was, that he should faithfully collect, account for, and pay over the taxes levied by the Police Jury of the parish for the year 1836, Williams having been appointed collector for that purpose. The balance of parish

taxes, which Williams is alleged to have collected, and has not accounted for, it is admitted, amount to $6,298 30 ; wherefore a judgment is asked against the defendants.

The defendants excepted, on the grounds : *first*, that B. F. McGuire, who sues as attorney in fact of the parish of Ouachita, is not legally authorized to sue as such ; *second*, that the Police Jury has no authority to create the office of attorney in fact for the parish of Ouachita ; *third*, that McGuire has never been legally appointed attorney in fact ; *fourth*, that the suit is premature, as no judgment has been obtained against the principal, who has property in the parish.

These exceptions were overruled, and the defendants answered by a variety of objections, which proved unavailing. A judgment was rendered against them, and they have appealed.

Of the exceptions filed in the court below, the defendants rely on two here : *first*, that the Police Jury of the parish of Ouachita cannot legally appoint an attorney in fact ; *second*, that though the appointment of McGuire be authorized by law, the power given him to institute a suit in his own name as the attorney in fact of the parish, is insufficient.

Upon the first of these points, there can be no doubt. The Police Jury of the parish of Ouachita is a political or civil corporation (Civ. Code, art. 420), created for the purpose of managing the affairs of the parish. It can sue and be sued. Civ. Code, art. 423. 7 Mart. 17. 1 Robinson, 391. Article 429 of the Civil Code authorizes them to appoint the necessary agents and attorneys, whose duties are stated in the acts appointing them. Ib. art. 430. B. & C. Dig. 640–1, sec. 5.

The authority to B. F. McGuire is not a very formal one, but a fair interpretation of it, authorizes him to sue, if necessary ; although it appears to us, that a suit in the name of the corporation, would have been more simple and less liable to objection. 1 Robinson, 392.

No question is raised as to the execution and acceptance of the bond, but the defendants rely upon other grounds of defence. They say that the ordinances laying taxes upon the parish of Ouachita for the year 1836, the appointment of assessors, and that of Williams as tax collector, were illegal, not having been

signed by the President of the Police Jury, and attested by the clerk, and promulgated as directed by law. B. & C. Dig. 643, sec. 18. We are of opinion, as the case is now presented to us, that these are matters with which the defendants have nothing to do. They entered into an obligation that Williams should collect, and faithfully account for, and pay over the parish taxes ; and by doing so they recognized the appointment of Williams as valid. It was one of his duties, as sheriff, to collect the taxes, unless the Police Jury had chosen another collector. He gave a receipt for the tax roll, and he and his sureties contracted that he should use due diligence in collecting the sums levied by the Police Jury for the service of the parish. By accepting the tax roll and giving bond, Williams and his sureties recognized the authority of the Police Jury ; and it is too late now to contest the validity of their ordinances, after having acted under them, and received the money taken from the pockets of the people, in compliance with their authority. If the defendants had shown that Williams was prevented from collecting the taxes, or that serious obstacles were thrown in his way, in consequence of the irregular proceedings of the Police Jury, there would, probably, be some weight in their arguments ; but nothing of the kind is pretended. We have, therefore, a right to presume that he complied with his obligation, so far as the collection of the taxes was involved. He has never paid them over fully, and is proved to have become insolvent. *Police Jury* v. *Haw et al.* 2 La. 47. It is too late to complain now. *Scarborough* v. *Stevens and others*, ante, p. 147.

The defendants say they are released from all liability, in consequence of the Police Jury having given a delay to Williams to make payment, without their assent. It appears that on the 4th of September, 1837, the Police Jury, being then in session, passed an ordinance, directing their clerk or treasurer to inform Williams, that if he did not, on or before the first Monday of December, 1837, pay the taxes of 1836, a suit would be commenced against him. This, the defendants contend, was giving a delay for payment, in the meaning of the law. We cannot so understand it. In the case of *Boutte* v. *Martin et al.*, 16 La. 133, and *Huie* v. *Bailey*, Ib. 218, and in some other cases, we have had occasion to state the description of delay which will release a surety. This case

does not come under the rule established. There was nothing in the ordinance, that prevented the Police Jury, or their agent, from suing at any time, or that prevented the defendants from taking any step to secure themselves.

The defendants further contend, that there is no law directing the taking a separate bond, to insure the collection of the parish taxes by the sheriff. We will not deny that, if a sheriff were to include in one bond, an obligation to collect both the state and parish taxes, it would be legal; but if the parties choose to separate them, we are unable to see how that releases them from responsibility. The execution of two bonds, one for the state and the other for the parish taxes, is, in our opinion, a convenient and safe course, and conformable to law. There is certainly no law prohibiting the execution of a bond for each purpose. B. & C. Dig. 731, sec. 21 ; p. 777–8, sec. 3, 4, 6, 8.

The defendants further contend that the judgment is erroneous, in condemning them to pay more than the amount of the taxes, as appears by the assessment roll. The state taxes, as appear by that document, amount to $3573.60, and that amount, the sureties allege, is the extent of their liability. It appears from the ordinances of the Police Jury, that, in 1836, they directed a tax for ordinary parochial purposes to be collected equal to the state tax, and they further ordained that a special tax of one hundred per cent on the state tax, should be levied for the purpose of building a jail, and fire proof offices for the judge of the parish and the clerk of the court. This latter tax the defendants say they never contracted that their principal should collect. The bond recites, that Williams has been appointed by the Police Jury, collector of the parish taxes, and it is given to secure the faithful performance of his duty, "and if he shall collect the said taxes agreeably to the assessment roll thereof," then the penalty to be void, &c. The defendants wish to give a literal meaning to this expression, and to confine the amount of taxes to the sum mentioned on the roll for state taxes. This we think is not a fair interpretation. We are of opinion that it should be taken in reference to the taxes assessed by the Police Jury. That body used the state tax roll for the purpose of fixing the quantum of their own taxes, and *quoad hoc* made it their own. It is hardly

to be believed that the sheriff, and his sureties, executed a bond for $3935, for the purpose of securing the collection of $3573 66. We think they are bound for the whole amount of the taxes.

The defendants further allege, that there is error in the judgment in condemning them to pay the whole sum claimed, whereas they are only jointly bound, and claimed in their answer the benefit of division. The judgment allows the plea of division, but condemns the parties altogether to pay the whole sum. This we think erroneous. It is not alleged or proved that any of the parties are insolvent, and by the articles 3018, 3019 of the Civ. Code, it is shown that the defendants are only responsible for their virile portion, being joint sureties. To correct this error, it will be necessary to reverse the judgment. The error was the result of an oversight in drawing up the judgment, and from not having the sureties bound, *in solido*, as they should be in all obligations of this kind.

The demand of the plaintiff to amend the judgment, and allow interest, cannot be acceded to. It is a well settled rule in this court, that such applications must be made when the answer to the appeal is filed. It is too late when the cause is called for trial.

The judgment of the District Court, is, therefore, annulled and reversed ; and it is ordered that the plaintiff, for the use of the Police Jury of the parish of Ouachita, do recover of Henry M. Bry, the sum of $2332 77 ; of Ephraim K. Wilson, the like sum of $2332 77 ; and of Alexander D. Peck, the like sum of $2332 77 ; with costs in the District Court, for which all the defendants are bound, *in solido*. The costs of the appeal to be paid by the appellee.

*McGuire, propria persona.*

*Garrett,* for the appellants.