No. 2605.—Mrs. ANNE YOUNG et al. *v.* THE PARISH OF IBERVILLE.

A contract made under the authority of the police jury, to construct a private road across a tract of land in the parish, belonging to an absentee, stipulating that the land should pay the cost of construction, can not be enforced against the parish for the difference between the price which the land brought and the cost of making the road.

APPEAL from Fifth Judicial District, Parish of Iberville. *Posey,* J. *Barrow & Pope,* for plaintiffs and appellants. *William B. Robertson,* for defendant and appellee.

TALIAFERRO, J. In the year 1861 proposals were made, under the parochial authority of the parish of Iberville, for the construction of a road along the front of a tract of land lying on the Bayou Sorrel, and owned by Bronson, an absentee. The contract for doing the work was let out in the usual manner to the lowest bidder. Due publicity was

given of the proceeding, and bids invited. The advertisement of the road and·levee commissioner, after specifying the manner in which the work was required to be done, and the locality and extent of the same, concludes by announcing that "this work shall. be completed by the first of March, 1862, and the land will be responsible for the work." The adjudication was made to Balch, Warden, Young and Craden, at the price of fifty dollars per acre. It appears that the work was done according to the terms expressed in the written act executed by the undertakers; that it was received, and the cost of performance esti- mated at six thousand dollars. It seems that no steps were taken to 'enforce payment during the war then going on. We find that the tract of land on which this road was constructed was sold in October, 1865, under execution, and that it brought $1151. That, the costs deducted, there remained $1048, to be applied in part payment of the $6000· allowed the undertakers, who claim interest at five per cent. per annum on that sum from the thirteenth of February, 1863. The credit of $1048 deducted on the thirteenth of October, 1865, they claim as a balance due $6041, with five per cent. interest from the date of the credit. For this balance they bring this suit against the parish of Iberville.

The defense is, that the road constructed across the land of Bronson, the absentee, was not a public road lying on any water course or bayou, within the meaning of the State laws, or the ordinances of the police jury relating to public roads. That the land across which the road was 'made was not expropriated according to law, or laid out under any ordinance of the police jury, and expropriated for that purpose; and that the road and levee commissioner for the twenty-second dis- trict of the parish exceeded his duty and authority in making the contract he did with the undertakers. The defendant further pleads that the terms were expressly made known that the land would be responsible for the work, and that the contractors did not look to the parish for payment.

Judgment was rendered for the defendant, and the plaintiffs appeal.

It seems free from doubt that there was no intention on the part of' the parish to be bound for the payment of the work. The stipulation was express that the land was bound, and nothing is said in the agree- ment, or that can be inferred from it, that the parish was to make good any deficiency that might arise from a failure on the part of the plaintiffs to make their money out of a sale of the land. *Inclusio· unius est exclusio alterius.* We are satisfied the plaintiffs, when they entered into the contract, looked alone to the land as liable and suffi- cient to pay for the labor they undertook to perform. This agreement was made in the year 1861. The tract of land bound for the work con- tains eleven hundred and forty-one acres, and doubtless at that time was considered fully worth six thousand dollars, the alleged cost of the

work. It is not shown that any provision, by ordinance of the police jury of the parish, was made to pay for the work, or any contingent deficiency that might arise after discussion of the land.

We deem it unnecessary to examine the other points of the defense.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.