## No. 3427.

### A. W. BOSWORTH et als. *v.* CITY OF NEW ORLEANS.

The plaintiffs sue on an open account to recover salaries as Commissioners of Waterworks, and commissions on two millions of dollars for adjusting and settling the accounts between the Commercial Bank and the City of New Orleans.

On the thirty-first of July, 1868, the resolution which authorized the appointment of the plaintiffs was adopted. Neither that resolution nor any other resolution, law, ordinance or contract fixed any salary or compensation for the services of said commissioners. None, therefore, can be claimed. There is no implied obligation on the part of the municipal corporations, and no such relation between them and the officers whom they are required by law to select, as will oblige them to make compensation to such officers, unless the right to it is expressly given by law, ordinance or contract.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley,* J. *W. W. King,* for plaintiffs and appellees. *George S. Lacey,* City Attorney, for defendant and appellants.

LUDELING, C. J. The plaintiffs, A. W. Bosworth, Gabriel DeFeriet, Eugene Waggaman, William McCulloch and others, sue on an open account to recover salaries as Commisssioners of Waterworks and commissions on $2,000,000 for adjusting and settling the accounts between the Commercial Bank and the city, amounting, in the aggregate, to $87,583 33, with interests and costs.

The answer contains a general denial, and further alleges that the plaintiffs assumed the duties and trust of the position with the understanding that no compensation was attached to the office or trust; that no salary or emolument is attached by law to the said position or trust assumed by plaintiffs, and that they have no right to demand compen-

sation, and it further denies that they rendered any services for which they are entitled to compensation. There was judgment against the city for $50,248, and the city has appealed.

On the thirty-first of July, 1868, the resolution which authorized the appointment of the plaintiffs was adopted—it is as follows:

"Resolved, That the Mayor be, and he is hereby authorized to appoint a Board of Commissioners, consisting of seven members, to manage the Waterworks until such time as the City Council shall take further action.

"Resolved further, That the Mayor be and he is hereby authorized to appoint a Superintendent of Waterworks, under the control of the commissioners, as aforesaid; provided, that all the appointments of the Mayor be subject to the confirmation of the Board of Aldermen: provided, that the said commissioners and superintendent shall hold office, under the Mayor's appointment, until such time as the Common Council may propose and mature the necessary ordinance and resolutions for the final government of the Waterworks."

Neither that resolution nor any other resolution, law, ordinance or contract fixed any salary or compensation for the services of said commissioners. None, therefore, can be claimed by them. "There is no implied obligation on the part of the municipal corporation, and no such relation between them and the officers, which they are required by law to elect, as will oblige them to make compensation to such officers, unless the right to it is expressly given by law, ordinance or contract." Dillon on Municipal Corporation p. 287, § 169; 8 Vert. 284; 13 Gray 347; 19 New York, Baker v. city of Utica; 37 Mo. 564.

In Barton v. New Orleans, Judge Land, as the organ of this court, said: "The Board of Health had no authority to establish the sanitary commission of which the plaintiffs were members. But if it be conceded that the establishment of the commission was recognized and ratified on the part of the Common Council of the city, still we are of opinion that the plaintiffs can not recover; first, because if they acted as agents for the city the law presumes that their services were rendered gratuitously; secondly, because if they acted as officers for the city, they then accepted a public trust, to which neither fees nor emoluments were attached by any ordinance of the city; and thirdly, because there was no agreement between them and the city, either before or after the rendition of services, for the payment of fees or other compensation." 16 An. 317.

Thomas Shields, a member of the Board of Aldermen, at the time the resolution of July, 1868, aforesaid was passed, testified as follows: "It was I offered the resolution in the Council authorizing the Mayor to appoint a certain number of well known citizens to take that posi-

tion. In advocating the resolution I presented, the question was propounded to me by Mr. Markey and several other members of the Board of Aldermen, if it was intended that any compensation should be attached to the position of these gentlemen, and I replied, and felt authorized to reply, that no compensation of any character whatever was intended; that it was simply an honorary position, in which we called upon respectable citizens, well known in the community, to assist the members of the Council in a public duty."

Under the circumstances of this case the plaintiffs have no cause of action, which can be recognized or enforced by the courts.

It is therefore ordered and adjudged that the judgment of the lower court be annulled and reversed, and that there be judgment in favor of the defendant and against the plaintiffs, rejecting their demands, with costs in both courts.