No. 3631

Second Circuit

McKNIGHT v. GRANT PARISH POLICE JURY

(January 31, 1930. Opinion and Decree.)

Williams & Williams, of Colfax, attorneys for plaintiff, appellee.

Harry Fuller, of Winnfield, attorney for defendant, appellant.

ODOM, J. Governor Simpson appointed plaintiff justice of the peace for ward 1 of Grant parish on April 14, 1927, and the appointment was duly confirmed by the Senate. Plaintiff took the oath of office on April 23rd and served a year and one month. The police jury of Grant parish refused to pay his salary, and he brought this suit to recover it. He obtained judgment, as prayed for, in the lower court, and the police jury appealed.

It is admitted that ward 1 of Grant parish is entitled to two magistrates under the law, and that, at the time plaintiff was appointed, there was only one serving in that ward and that there was, therefore, a vacancy.

Plaintiff testified, and his testimony is not disputed, that immediately upon taking oath of office he began to perform the duties of magistrate by taking affidavits and issuing warrants in criminal cases, trying civil suits, and performing marriage ceremonies, and that he served for 13 consecutive months.

The police jury's principal defense is that plaintiff's salary as magistrate was never fixed by it, and that no funds were budgeted to pay him.

Article 128 of the Constitution of 1898 provides that:

"Justices of the Peace and Constables shall receive no fees in criminal matters, including peace bond cases, but in lieu thereof such salaries as may be fixed by the Police Jury and paid by the parish, which salaries shall be graded."

This provision was written into the Constitutions of 1913 (article 128) and 1921 (see section 50, art. 7, Constitution of 1921).

Following this constitutional mandate, the police jury of Grant parish, by resolution adopted on October 5, 1908, fixed the salaries of all justices of the peace and constables of the parish at $25 per quarter. It seems, however, that previous to the adoption of this resolution the salary of the magistrate in one ward had been fixed at $30 per quarter, due to the fact that there was more work in that ward than elsewhere, and the resolution of October 6, 1908, contained the provision that "the salary of any justice or constable in excess of said sum to remain as last fixed, previous to this order and resolution." The salaries of the magistrates and constables of the parish were therefore graded, but it is conceded that the salary of the justice

in ward 1, where plaintiff was appointed to serve, was fixed at $25 per quarter.

As already stated, defendant admitted in its answer that ward 1 of the parish is entitled to two magistrates, but, for some reason not disclosed, only one was serving in that ward in December, 1926, when the police jury adopted its budget for 1927, so that provision was made in the budget for paying the salary of only one magistrate in that ward; and notwithstanding plaintiff was appointed and qualified in April, 1927, the police jury, in adopting its budget in December, 1927, for the year 1928, made no increase in the item for magistrates and constables for 1928. For this reason, counsel for the police jury contends that plaintiff's salary has not been fixed. He is in error for, as shown, the salaries of all justices of the peace, except in one ward, were fixed by resolution of the police jury adopted in 1908, at $25 per quarter, and those salaries, according to Mr. Warner, secretary-treasurer of the police jury, were regularly paid each year from that date down to the present time. As we understand counsel's argument, both oral and in brief, his point is that, inasmuch as the police jury took no account of plaintiff's particular office when it adopted a budget, his salary has not been fixed, and the police jury is, for that reason, under no obligation to pay it.

But the admitted fact is that ward 1 of the parish is entitled to two magistrates under the law. The office which plaintiff holds was created and existed prior to the date on which the police jury fixed the salaries of all magistrates. The salary of plaintiff's office was, therefore, fixed at the time the others were fixed. The fact that no one was elected or appointed to hold or did hold the office for some time did not have the effect of abolishing the office nor relieve the police jury of its obligation to pay the salary when the office was filled. The fixing of an officer's salary is one thing; providing for the payment of that salary is quite another. The office which plaintiff holds, and in which he served for 13 months, was created by law. It was the mandatory duty of the police jury, not only to fix the salary, but to pay it. It has discharged the first duty by fixing the salary; but has neglected the other duty of paying that salary, from which duty there is no escape.

Counsel for defendant makes the contention that a public officer can demand only such compensation as the law has fixed for the performance of the official duties connected with such office. That point is so well settled that it need not be discussed. See "Officers," 46 Corpus Juris, p. 1014 et seq.; Bosworth et al. vs. City of New Orleans, 26 La. Ann. 494; Barton vs. City of New Orleans, 16 La. Ann. 317; State ex rel. Gentry vs. Village of Dodson, 123 La. 903, 49 So. 635.

Counsel's reasoning is sound, but his conclusion is incorrect, because he reasons from a false premise. The compensation which plaintiff demands has been fixed by law, and he has performed the duties required of him. Counsel further argues that plaintiff could not hold office beyond the term of office of the Governor who appointed him. As to that, we express no opinion, because, if well taken, the point is not involved in this suit, as it is shown that plaintiff is claiming salary only up to the time · Governor Simpson went out of office.

The judgment appealed from is correct, and is therefore affirmed, with costs in both courts.