TERRELL, Acting Chief Justice.
J. L. Beam, the owner of a certain lot in Lee County, made a contract with A. M. Henderson & Sons to construct three houses thereon for a total consideration of $19,500.00. Appellee (Jerome Lumber & Supply Company, Inc.) furnished material for construction of said houses and says there was due it in November 1951, the last month in which material was furnished, the sum of $777.14. Appellee also alleged that ’on January 22, 1952 it served a cautionary notice on Beam of its intention to claim a lien against appellants. It also filed claim of lien and Bill of Complaint in the office of the Clerk of the Circuit Court of Lee County February 6, 1952 and prayed foreclosure thereof against the lands of appellants for the amount of its claim.
Appellants answered the complaint, admitting the contract with the Hendersons, alleging that only $40.15 remained due thereon, but denied that there was unpaid thereon the sum of $777.14. Other allegations of the bill were denied. Testimony was taken and on final hearing the Chancellor entered a final decree for appellee in the sum of $777.14 with interest and costs and ordered sale of the property within 30 days to satisfy the lien. This appeal is .from the final decree.
We think the judgment should be reversed on authority of Foley Lumber Co. v. Koester, Fla., 61 So.2d 634, 635. Beam had a contract with the contractor for a specified sum, he was not in privity with the material man (appellee), he paid the contractor as per terms of the contract, and had no notice of intention to claim a lien as provided by Chapter 84, Florida Statutes 1951, F.S.A., until after the buildings were completed and all moneys due to the contractor except $40.15 had been paid. It appears the contractor is unable to furnish the .sworn affidavit required by Section 84.04(3) F.S.A., but appellee failed to establish that “final payment”, under the terms of the contract, was more than the $40.15 remaining due. While the contract is not in evidence, there is no showing of improper payments on it. Compare: Curtis v. McCardel, Fla., 63 So.2d 60; Shaw v. Del-Mar Cabinet *538 Co., Fla., 63 So.2d 264. Under such circumstances appellee can claim a lien against the owners’ property for no amount larger than the sum remaining due on the contract at the time the service of notice was made.
It is not amiss to point out that the contract was executed and completed pri- or to Section 84.05(11) F.S., as amended 1953, F.S.A., requiring the owner to withhold twenty per cent of the contract price under the conditions stated, said amendment being in no .way involved in this case.
Reversed.
THOMAS and DREW, JJ., and HER-IN, Associate Justice, concur.