### WESTINGHOUSE ELECTRIC SUPPLY CO v. 1800 NORTH FEDERAL CORPORATION.
No. 67-3033.

Circuit Court, Broward County.

November 6, 1967.

Heiman & Crary, Miami, for plaintiff.

Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for defendant.

JAMES F. MINNET, Circuit Judge.

This cause came on to be heard upon the motion for summary judgment filed by the defendant, and the court having examined the pleadings, the matters submitted in support of and in opposition to the motion, having examined the briefs filed by the parties, having heard argument of counsel, and being otherwise fully advised in the premises, finds that the motion for summary judgment should be denied in that defendant has failed to demonstrate that it is entitled to a judgment in its favor as a matter of law.

This is an action by a materialman to foreclose a mechanic's lien for materials furnished to and alleged to have been incorporated in improvements being constructed on privately owned real property located in Broward County. The ultimate and very limited issue for determination upon this motion is whether the failure of the plaintiff to serve the notice to owner required by §84.061, Florida Statutes (hereinafter referred to as "the notice") within 45 days from the first delivery of materials by the plaintiff, invalidates and terminates any lien which plaintiff otherwise might have had under chapter 84, Fla. Stats.

For purposes of the motion, it is established that the first delivery of materials by plaintiff to the job site was September 2, 1966, but that the notice was not served until October 25, 1966, a period in excess of 45 days. For purposes of the motion, the notice, while served beyond 45 days, was served upon the owner prior to the owner making any payments, and prior to the time fixed by §84.061 for making final payment. The defendant has not asserted in its pleadings, and has not established for purposes of this motion, that it made any payments under its contract between September 2 and October 25, 1966, nor has defendant asserted, nor has it established for purposes of this motion, that it has in any manner been prejudiced by the failure to receive the notice within 45 days from the date of first delivery of materials by plaintiff.

Counsel have not cited any authority directly in point nor has the court's independent research disclosed any such authority. The two cases relied on by the defendant, Babe's Plumbing v. Maier, Fla. App., 194 So. 2d 666, and Stancil v. Gardner, Fla. App., 192 So. 2d 340, are clearly distinguishable. In Stancil the notice was given after final payment by the owner. In Babe's Plumbing no notice was ever given. Prejudice to the owner was established in both cases.

Certain fundamental principles relating to construction of chapter 84 are applicable here. The mechanic's lien law is to be liberally construed so as to afford lienors the greatest protection compatible with justice and equity. Hendry Lumber Co. v. Bryant, 18 So. 710, 138 Fla. 485; Buckingham Properties v. E.R. Anderson & Co., Fla. App., 125 So. 756. Equitable principles apply in actions to enforce mechanic's liens. Martin v. Baird Hdwe. Co., Fla. App., 147 So. 2d 142.

In order to determine the intent of the legislature in enacting §84.061, the court must consider chapter 84 in its entirety. Miller v. Duke, Fla. App., 155 So. 2d 627. At the outset, it is noted that §84.061, providing for the giving of the notice, is found in a section of the statute regulating "proper payments" made by an owner. It is not found in a section of the statute directly providing for the creation of a mechanic's lien. In fact, §84.061(2)(a) provides in part —

"This notice shall not be deemed to constitute a lien, cloud or encumbrance on said real property nor actual nor constructive notice of any of the same."

Therefore, the first issue which must be determined is the meaning of the phrase — "but in any event before the date of furnishing the affidavit under subsection (3)(d)1 of this section or abandonment, whichever shall first occur." The phrase "but in any event" has been variously defined. The word "but" when introduced in a statement in modification of a preceding statement has been defined to mean "in addition to", Abbott v. Middleton, 52 Reprint 813, and has likewise been defined to mean "or", State v. Marsh, 187 N.W. 810, 108 Neb. 267. The phrase "in any event" has been defined to mean "in all events" or "in any case", Pines Plaza Bowling v. Rossview, Inc., 145 Atl. 2d 672. The court concludes that the phrase is intended to mean that the notice should be given within 45 days, and if given within 45 days the lienor is protected against any payments which the owner might make during such 45 days period. However, the lienor may give the notice after the 45 day period "but in

any event" it must be given prior to the date fixed for final payment or abandonment. However, all payments made by the owner after the 45 days period without having received the notice are "proper payments" as to the lienor failing to give the notice within 45 days.

The court is supported in this view by the specific language of §84.061 and by the gross inconsistencies which would arise under any other construction. For example, §84.061(3)(c)1 provides in material part that the owner may make as "proper payments" on the direct contract during the contract period only the sum due to each lienor "giving notice prior to the time of said payments." In other words, the statute does not provide that payments may be made only to lienors giving notice within 45 days but provides that payments may be made to lienors "giving notice prior to the time of said payments." The last portion of subsection (3)(c) is of the same tenor. It says —

> "Except laborers, the owner shall be under no obligation to any lienor from whom he has not received a notice *at the time of making any such payment.*"

In other words, the exception does not relate to lienors giving notice within 45 days but to the contrary to lienors from whom the owner "has not received a notice *at the time of making any such payments.*" Paragraph 84.061(3)(c)3 provides that if the contractor's affidavit (or any other affidavit permitted under §84.061) recites any outstanding bills for labor, services or materials, "the owner may pay such bills in full direct to the person or firm to whom they are due if the balance due on the direct contract at the time the affidavit is given is sufficient to pay such bills and shall deduct the amount so paid from the balance of the payment due the contractor." Therefore, even if a materialman has not made any attempt to give a notice, if at the time final payment becomes due (or any other payment becomes due) the owner is put on actual notice that materials or services have been incorporated in the job, such lienor furnishing such labor or materials may be paid and such payment will be a proper payment. Since the owner cannot safely make final payment until he gets a "clean" contractor's affidavit, a lienor who has made no attempt to comply with the 45 day notice provision, but of whose claim the owner has actual notice by virtue of the contractor's affidavit, is required to be paid.

Without intending to unnecessarily burden this opinion §84.061 (3)(d)2 provides that if the contractor's affidavit recites any

outstanding bills for labor, services, or materials, the owner may upon compliance with certain conditions pay such bills in full direct to the person to whom they are due if the balance due on the contract is sufficient to pay such persons described in the affidavit, and sufficient to pay "lienors giving notice . . .". Again, the reference in the statute is not to lienors giving notice within 45 days from the first furnishing of their materials or services, but obviously refers to any lienor having given the notice prior to the time the contractor's affidavit is furnished. Likewise, it cannot be contended that the statute does not contemplate persons giving notice and not named in the contractor's affidavit. §84.061(3)(d)4 is designed for this purpose. That paragraph provides that the owner may not rely on the contractor's affidavit if "there are lienors giving notice who are not listed in said affidavit." That paragraph provides that if there are lienors giving notice who are not listed in the affidavit, the owner may pay said lienors and the persons listed in the affidavit. Again, the statute refers to "lienors giving notice" and does not refer to lienors who have given the notice within 45 days from commencing to furnish service or materials. It does violence to common sense to say that a lienor who has given the notice on the 46th day is barred, while a lienor who has given no notice, but who is included in the contractor's affidavit, is entitled to be paid.

While they are contained in different sections of the statute, the court is enforced in its view by the provisions of sections 84.081 and 84.181. It is there provided that a claim of lien shall be served upon the owner by registered or certified mail or in any other manner specified by the statute. It is stated, however, "failure to serve any claim of lien . . . within 10 days after recording, shall render the claim of lien voidable to the extent that such failure or delay is shown to have been prejudicial to any person entitled to rely theron." It seems unreasonable to conclude that failure to make timely service of the document creating the lien is not fatal, while failure to make timely service of a simple notice document is fatal.

The court also notes that with regard to the recording of a claim of lien, a jurisdictional prerequisite, the legislature used the language in §84.081(5) — "the claim of lien may be recorded at any time during the progress of the work or thereafter *but not later than* 90 days after the final furnishing of the labor or services or materials by the lienor; . . .". If the legislature had intended the same effect to apply to the notice, it would have said that the notice may be served at any time during the progress of the

work or thereafter *but not later than* 45 days after commencing to furnish labor or materials. The use of the phrase "but in any event" in §84.061 as distinguished from the phrase "but not later than" in §84.081 (5) is a clear indication that the legislature intended the construction which the court has placed on the statute.

The interpretation sought to be given to the statute by the defendant would result in unjust enrichment. For purposes of the motion, the owner has not made any payment nor been otherwise prejudiced by the failure to receive the notice. The materials have been incorporated in the improvements. The materialman has not been paid. If the contractor abandons the job or does not include the materialman's name on the contractor's affidavit, (the state of the construction progress not being before the court) the owner would be unjustly enriched because the owner would not have to pay for these materials. Such constructions of the statute would be inequitable.

Finally, even if the court had concluded that the proviso "but in any event" did not authorize service of the notice beyond the 45 day period, the court would have reached the same result. Under these circumstances the court would have been called upon to determine whether the statutory language was directory or mandatory. Generally, statutory provisions setting the time when a thing is to be done are regarded as merely directory, particularly where there is no specific provision restraining the doing of the act after that time. Schneider v. Gustafson Industries, Fla., 139 So. 2d 423 at 425. This result is not precluded by the use of imperative terminology in the statute. Schneider v. Gustafson Industries, supra; Fagan v. Robbins, 96 Fla. 91, 117 So. 863; Reid v. Southern Dev. Co., 52 Fla. 595, 42 So. 206. The language of the terms and provisions of the statute discussed in part above, the general object intended to be accomplished, and the prior history of the legislation (compare Beam v. Jerome Lumber & Supply Co., Fla., 74 So. 2d 537; Bensam Corp. v. Felton, 63 So. 2d 278) impel the conclusion that the provision is directory.

It is therefore ordered, adjudged and decreed that defendant's motion for summary judgment be and the same is hereby denied.