FRUGÉ, Judge.
Plaintiffs, Foster Grimble and Lurry A. Normand, have acted as Justice of the Peace and Constable respectively for Ward Nine of Avoyelles Parish since 1956.
It appears that Ward Nine of Avoyelles Parish had had two Justices of the Peace and two Constables prior to 1964. An election was held for the 1964-68 term where only one Constable and one Justice of the Peace were elected and these two offices were filled by others.
In 1965 Governor McKeithen commissioned both plaintiffs to their respective *497 offices for another four-year term (since no election had been held for their previous positions) and each of them took the oath of office. Defendant-Police Jury refused to recognize plaintiffs’ appointments and did not pay plaintiffs their salaries as provided for by law. Plaintiffs then brought this action.
The trial court rendered judgment in favor of plaintiffs and defendant appealed.
Defendant has made no showing that plaintiffs’ commissions from the governor were in any way invalid in form or effect.
Section 2045, of Louisiana Revised Statutes of 1870 stated that each parish ward shall elect two Justices of the Peace, and the Louisiana Constitution, Article 7, Section 49 (1921) says there will be elected one Constable for every Justice of the Peace. While R.S. § 2045 (1870) was repealed by the passage of the Louisiana Revised Statute of 1950, the Louisiana Constitution, Article 7, Section 46 impliedly retains the mandate of R.S. § 2045 (1870)[1] by providing that “the number of justices of the peace wards in the several parishes shall remain as now fixed until rearranged”. The number of Justices of the Peace could have been reduced by redistricting the Justice of the Peace Wards in the parish, but this was not done in the instant case. Therefore, it seems that Ward Nine of Avoyelles Parish remains entitled to two Justices of the Peace. If this be so, then it follows that plaintiffs’ positions were vacant and that the governor had the power to fill these vacancies. See La.Const., Art. 5, § 11; R.S. 42:372.[2] Therefore, plaintiffs are entitled to hold their respective offices notwithstanding that there already exist one Constable and one Justice of the Peace in Ward Nine.
Having determined that one office of Justice of the Peace and one office of Constable for the Parish of Avoyelles, Ward Nine, were vacant in 1964 and that the Governor properly commissioned plaintiffs to those respective offices, the only remaining issue is whether or not plaintiffs may enforce their rights to their salaries (provided for in R.S. 33:1702, as amended in 1967) against the Police Jury.
Defendant-appellant’s primary defense is that it is immune from suit and from liability by virtue of Article 3, Section 35. of the Louisiana Constitution, as amended in 1960.
It is our opinion that the above-cited constitutional provision does not preclude plaintiffs in this case from bringing suit against the Police Jury to recover their past-due salaries.[3] Defendant-appellant has cited no cases in support of its position, and all the jurisprudence that we have found relative to this issue is contrary to defendant-appellant’s position.
It has been held that Police Juries have the capacity to sue in their own name (or in behalf of the parishes) and to stand in judgment. State ex rel. Porterie v. Smith, 182 La. 662, 162 So. 413 (1935); Police Jury of LaSalle v. Police Jury of Catahoula, 145 La. 1053, 83 So. 250 (1919); Meyer v. Parish of Plaquemines, 11 So.2d 291 (La.App., Orl., 1942). See also Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965); Terrebonne Parish School Board v. St. Mary Parish School Board, 131 So.2d 266 (La.App. 1st Cir., 1961). *498 It has also been held that a state official or an employee of a state agency may bring suit against that agency (notwithstanding its general immunity to actions by citizens) to recover from that agency salaries owing him which were wrongfully or unlawfully withheld. McKnight v. Grant Parish Police Jury, 12 La.App. 219, 125 So. 756 (1930); Aucoin v. Police Board of the City of New Orleans, 1 Orl.App. 262 (1904); State ex rel. Porterie, supra.
We find that plaintiffs could properly bring this action to recover their past-due salaries. To hold otherwise would encourage irresponsible government management and would deny plaintiffs an effective remedy where the statutory law provides them a particular right and imposes a particular obligation upon defendant.
For the foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant’s costs (insofar as it may be subjected to payment thereof under R.S. 13:-4521).
Affirmed.

. Neither counsel argues that this section does not still control the number of Justices of the Peace in Avoyelles Parish.

. But see La.Const., Art. 7, § 69, as amended in 1966. This new constitutional provision now requires that the Governor appoint Justices of the Peace and Constables “from a list of three names submitted by the Parish Governing Authority”. This constitutional provision, however, was not in effect at the time that plaintiffs were commissioned by the governor for their present offices, and therefore has' no application in this case.

.Actually, La.Const., Art. 3 § 35 only provides that the State Legislature may waive its inherent immunity from suit and liability but does not purport to create any state immunity from suit.