POLICE JURY OF EAST BATON ROUGE v. SUCCESSION OF JOHN McDONOGH.

In an action by a Police Jury against the proprietor for work done in making the levee, ditches, &c., on his land. *Held:* That the proprietor was bound to pay its value.
The prescription under Article 3499 of the Civil Code, applicable to the claims of workmen, &c., for the payment of their wages, is not liable to the action of the *negotiorum gestor,* to recover the amount to which he has benefited another.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.
*Smiley & Perin,* for plaintiff. *M. Grivot,* for defendant and appellant.

OGDEN, J. This case was remanded on a former appeal taken by the defendant, our predecessors being of opinion that there was not then sufficient evidence before them of the value of the work caused to be done by the plaintiffs in the erection of a levee, and the construction of other necessary works on the defendant's land. The case is reported in 4 An. 353. Additional evidence was introduced on the subsequent trial, which resulted in a judgment in favor of the plaintiffs for an amount less than the sum for which the judgment was before rendered. The appeal is taken by the executors of *McDonogh* and the plaintiffs have joined in it, and asked for an amendment by increasing the amount of the judgment in their favor. We think the evidence satisfactorily establishes the value of the work to have been nine hundred and fifty seven dollars and fifty cents, which is more than was allowed by the judgment rendered below.

It is denied by the appellants, that there is any evidence to show that the defendant was benefited by the work to that extent, and it is urged as a good ground of defence, that the plaintiffs, to be entitled to recover, ought to have proved affirmatively that the defendant was benefited by the work. It is shown by the evidence, that the work was absolutely necessary to preserve the land from inundation. It was work which the defendant was bound to perform under the laws of the State and the police regulations of the parish; he would have been exposed to suits for damages by the neighboring proprietors, if his neglect to comply with the requisitions of the law had been the cause of injury to them. Under such circumstances, the value of the work is a proper standard by which to measure the extent of the benefit to the proprietor. The work done being useful and necessary, equity forbids that the defendant should be enriched at the expense of the parish. See cases reported of the *Police Jury* v. *Hampton,* 5 N. S. 390. *Police Jury* v. *Gardiner,* 2 R. 139. *O'Reilly* v. *McLeod,* 2 An. 146. *O'Reilly* v. *Oakey,* 4 An. 22.

The prescription under Article 3499 of the Civil Code, applicable to the claims ef workmen, laborers and servants, for the payment of their wages, is not applicable to a case like this. The action of the *negotiorum gestor* to recover the amount to which he has benefited another, is one of those personal actions which come under the general prescription of ten years. Contracts, and not *quasi contracts,* are the subject of the Articles of the Code, which provide specially for the prescription applicable to particular classes of debts. *Owen* v. *Holman,* 12 Rob. 148. *Succession of Guillemain,* 2 An. 635. *Toledano* v. *Gardiner,* Ibid, 779.

It is therefore ordered and adjudged, that the judgment of the court below be amended; and that the plaintiffs recover from the defendants, the executors of the will of *John McDonogh*, the amount claimed in the petition, viz: the sum of nine hundred and fifty dollars, with interest from the 23d of September, 1846, the date of judicial demand, at the rate of five per centum per annum until paid, with costs in both courts.