*Taliaferro v. Steele.*

---

## Dyer & Stevenson v. Harmon A. Drew.

A law partnership is an ordinary one, and the partners are bound jointly, and not *in solido.*

Objections to the authority of the plaintiff to sue, and to the non-joinder of the heirs and representatives of one who was bound jointly with the defendant, cannot be made after an answer has been filed, pleading a general denial.

When a receipt has been given by an attorney-at-law, for a claim placed in his hands for collection, the prescription of one year, provided by Art. 3501 of the Civil Code, cannot be applied where an action is brought on the receipt to make him liable for having allowed the debt to be lost by his neglect; the receipt creates a personal obligation which is only prescribed by ten years, as provided by Article 3508 C. C.

APPEAL from the District Court of the Parish of Claiborne, *Egan, J.*
Vaughn & Vaughn, for plaintiffs and appellants.  J. D. Watkins, for defendant.

COLE, J.  This suit is instituted to recover of the defendant the amount of two promissory notes, received for collection by *Drew & Bonner*, as attorneys-at-law.

The answer was a general denial.

There was judgment, as of nonsuit, against plaintiff, and he has appealed.

It is established, that a receipt was given for the notes by *Drew & Bonner*, and that the signature to the receipt is in the hand-writing of the defendant.

The defendant has not offered to return the notes, or to show what has become of them.

It was also incumbent on the defendant to establish that the failure to recover the amount of the notes was not owing to any laches on his part, but to the insolvency of the debtor.  He has not proved these points.

A law partnership is an ordinary, and not a commercial one.  C. C. 2796, 5797.  The partners are bound jointly and not *in solido.*  C. C. 2843.

The objections to the authority of plaintiff to sue, and to the non-joinder of the heirs and representatives of *Bonner* to this suit, as co-defendants, come too late after an answer pleading the general denial.

The prescription of one year, for damages resulting from offences or quasi-offences, under Article 3501 of the Civil Code, does not apply to this case.

As a written receipt was executed for the notes, this created a personal obligation, which is only prescribed by ten years.  C. C. Art. 3508; *Davis v. Houren,* 10 R., p. 403.

83

. It is objected, that plaintiff is obliged to show the genuineness of the notes, previous to recovery. It is for the defendant to produce them, and give plaintiff the opportunity of proving the signatures to the notes. The defendant is clearly liable for one-half of the notes for which the receipt was given.

. It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that plaintiffs recover of the defendant four hundred dollars, with eight per cent. interest on one-half thereof, from the 29th of June, 1850, and on the other half from the 29th of June, 1851, and also the costs of both courts.