*McKowen*
*v.*
*McGuire.*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## J. COLLINS, Administrator, *v.* WM. McELROY, Executor.

Art. 2257 of the Civil Code, requiring corroborating circumstances, in addition to the testimony of one witness, where the contract is for a sum exceeding five hundred dollars, relates in express terms to the proof of contracts which are not reduced to writing.

The prescription of three years applicable to a loan of money does not apply to a due bill given at the time for such loan.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*C. Redmond*, for plaintiff. *J. H. & J. E. Holland*, for defendant and appellant.

VOORHIES, J. Suit is instituted upon a due bill for the sum of $750, besides interest, the stipulated consideration being money loaned.

The defence is twofold:

1st. That the proof of the obligation is insufficient.

The maker signed the instrument with her ordinary mark, there being three

attesting witnesses. The note was offered in evidence, and one of the attesting witnesses proved its execution, as well as the endorsement or transfer. The defendant contends that, inasmuch as the contract is for a sum exceeding five hundred dollars, there should have been corroborating circumstances shown.

This objection is unfounded. The Article 2257 of the Civil Code, requiring such additional proof, relates in express terms to the proof of contracts, which are not reduced to writing.

2nd. That the action is barred by the prescription of three years, under Article 3503 of the Civil Code.

This is not an action for the payment of money lent, although the consideration of the written obligation was money loaned. It is a personal action to enforce the payment of the written obligation. *Cowen* v. *Pulley*, 11 An. 1 ; *Garland* v. *Scott*, 15 An. 143.

Judgment affirmed.