NEW ORLEANS, APRIL, 1871.    353

Flash, Hartwell & Co. v. New Orleans, Jackson and Great Northern Railroad Company.

No. 2271.—FLASH, HARTWELL & CO. v. NEW ORLEANS, JACKSON AND GREAT NORTHERN RAILROAD COMPANY

A receipt given by a railroad company for goods to be transported to another point on the line of the road, is not a bill of exchange, and is not, therefore, prescribed by five years according to article 3505 of the Civil Code.

In 1862, while the insurgent authorities had control of the city of New Orleans and its surroundings, the Jackson Railroad Company gave a receipt for 360 barrels of molasses, which they were to transport to some other point on the line of the road. Some two months and a half thereafter the United States forces captured the city and took possession of the road at New Orleans. The molasses was not transported by the company. The owner brings suit against the company on the receipt for the molasses, which had gone into their possession and had not been accounted for. On trial the company made the defense that at the time they gave the receipt the road was under the control of the insurgent military forces; that the plaintiffs consigned the goods for shipment with a full knowledge of the condition of affairs and took the risk incident thereto.

Held—That, under this state of facts, the burden of establishing these defenses devolved exclusively on the company, failing in which, the plaintiff must recover.

APPEAL from the Fourth District Court, parish of Orleans. *Théard*, J. *Clarke, Bayne & Renshaw*, for plaintiffs and appellees.    *Campbell, Spofford & Campbell* and *L. E. Simonds*, for defendant and appellant.

HOWE, J.    Plaintiff sued for value of 360 barrels of molasses consigned at New Orleans by the defendant's railway in February, 1862. There was judgment for plaintiffs for the amount claimed, and the defendant has appealed.

*First*—The prescription of one year does not apply. The fact that the receipt given by defendant at the time it received the goods was in form like a steamboat bill of lading can not bring this case under the article (3501) of the Civil Code. The merchandise was not "shipped on board any kind of vessel."

*Second*—The prescription of five years, article [3505], does not apply. It is by no means clear that the phrase " effects negotiable or transferable by endorsement or delivery," (tout effet negociable ou transportable par endossement ou par simple remise,) includes regular marine bills of lading. The word *effet*, translated *effect*, means, in a commercial sense, " bill," or " bill of exchange," and in a financial sense, " funds " and " stocks," and we have never found it used in the sense claimed by counsel. But, however this may be, this action is not in reality on a bill of lading. It is an action against a land carrier. The paper called a bill of lading, as shown by the pleadings and evidence on both sides, was intended merely as a receipt, and was so used and introduced in this case. It was probably given in its absurd form from a scarcity of stationery in New Orleans at the time.

*Third*—The only defense on the merits which requires consideration is, in substance, that the war was raging at the time the goods were received from plaintiffs; that the defendant's railway was under the dominion of the insurgent authorities; that these authorities monopolized the transportation in such a way that it was impossible to

45

forward the goods from the time they were received until the twenty-fifth of April, 1862; that on the latter day the city of New Orleans was captured by the United States forces, and the goods destroyed or carried off by a mob of citizens of New Orleans, and that the plaintiff consigned the goods with full knowledge of the fact that the defendant's railway was subject to military control, and they took all the risks of such a state of affairs. This might be a valid defense if fully established. The *onus* is on the defendant to make it out. We agree with the district judge that it has not been established. The permit for shipment of the goods was given about February 11, 1862. The written receipt was given February 26, 1862. During the long period that elapsed up to the twenty-fifth April, 1862, it appears by the testimony of the defendant's employes, that private freight was, by arrangement with the military authorities, transferred from New Orleans in large amounts. It is not shown with any certainty why the goods in question were not forwarded; nor does it appear, sufficiently, that the plaintiffs took the risks of a delay of from sixty to seventy-five days.

Judgment affirmed.

Rehearing refused.