UNION TITLE GUARANTEE CO, Appellant, v. PERKINS

(Jan. 17, 1927.  Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana    Digest—Prescription — Par. 87.

The claim of plaintiff herein for preparing an abstract of title and issuing a title guaranty policy in favor of a

mortgagee is not prescribed by three or five years.

Appeal from City Court. Hon. W. V. Seeber, Judge.

Action by Union Title Guarantee Company against Robert J. Perkins.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and case remanded.

Dufour, Goldberg & Kammer, of New Orleans, attorneys for plaintiff, appellant.

C. A. Latham, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.    This suit for $252.50 is based upon the following instrument:

"New Orleans, La., March 31, 1921. "The undersigned hereby applies to the Louisiana Abstract and Title Guarantee Co. for a guaranty of title in its usual form in the sum of $8000, to the lands hereinafter described, and agrees to pay therefor its published schedule rates.
Guaranty fees _____$250.00
R. S. _____   2.50
                              _____
                              $252.50"

Then follow a description of the property and other conditions not necessary to this case.

"Party to be guaranteed Industrial Homestead Assn. as mortgagee.
"(Signed) ROBERT J. PERKINS."

Plaintiff alleged that its corporate name was then the Louisiana Abstract and Title Guaranty Co.; that it prepared an abstract covering said property, examined the same, and in due course, issued its mortgage guarantee policy No. 3641 in its usual form for the sum of $8000, which policy was on June 9, 1921, delivered to and received by the Industrial Homestead Association to whom it

was sent pursuant to the aforesaid directions of defendant; that defendant has failed to pay said $252.50.

Defendant excepted "upon the ground the plaintiff's claim is barred by the Statute of Limitations; and exceptor especially urges, the exceptions of five years prescription under C. C. 3542, and three years prescription under C. C. 3538, in bar of plaintiff's demand".

The trial court maintained the plea of prescription of three years and dismissed plaintiff's suit.

The plaintiff appealed.

The prescription of five years is clearly inapplicable, as there is no demand here for the nullity or rescission of any contract, testament or other act, nor for the reduction of a donation, nor for the rescission of any partition.

Nor does Article 3538 apply as to a suit on an open account.

The contract between the parties to this suit was that in consideration of $252.50 the plaintiff would guarantee defendant's title in favor of the Industrial Homestead Association as mortgagee. It was a contract of guarantee. The consideration of defendant's obligation to plaintiff was not for labor, nor for the price of goods, nor for the services, nor for any of the considerations mentioned in C. C. 3538.

Prescription cannot be extended by analogy from one subject to another. Police Jury vs. McDonough, 10 La. Ann. 395; Cooper vs. Harrison, 12 La. Ann. 632; Garland vs. Estate of Scott, 15 La. Ann. 143; Flash, Hartwell & Co. vs. N. O. J. & G. N. R. R. Co., 23 La. Ann. 353; Knoop, Hanneman & Co. vs. Blaffer, 39 La. Ann. 23, 6 South. 9; John Chaffe & Sons vs. Walker, 39 La. Ann. 39, 1 South. 290.

The prescription pleaded must come clearly under one of the provisions of the law.

In the case of N. O. I. and G. N. Rrd. vs. Estlin, 12 A. 184, defendant was sued for a balance of subscription to the stock of the company. The defendant pleaded prescription of three years on "open accounts". The court rejected the plea and said:

"But that defendant was not sued upon an 'open account'; the demand is based upon an express and written contract. The defendant's subscription bound him to pay a liquidated sum." Idem. 388-527; 4 Wall. 650.

In Reddick vs. White, 46 La. Ann. 1198, 15 South. 487, the court in passing upon the plea of prescription of three years said, on p. 1207:

"That prescription refers to accounts for goods sold, and merchants' accounts against their principals, and generally to those business or other relations in which accounts are usually kept."

The following claims are not prescribed by three years:

Commissions due an agent or broker. Sullivan vs. Williams, 2 La. Ann. 878; Police Jury vs. Succession of McDonough, 10 La. Ann. 395.

Expert fees. Dunbar vs. Murphy, 11 La. Ann. 713. A loan of money evidenced by a due bill. Campbell vs. Nicholson, 3 La. Ann. 461; Garrahan vs. Curley, 11 La. Ann. 462; Dyer & Stevenson vs. Drew, 14 La. Ann. 657; Collins vs. Roy, 15 La. Ann. 639; Garland vs. Estate of Scott, 15 La. Ann. 143; Boedicker vs. East, 26 La. Ann. 213.

A claim for board by one not in the business. 33 A. 621. Amounts due to a contractor. Brown vs. Staples, 138 La. 242, 70 South. 529.

The assumption of a debt. Bryson Lbr. Co. vs. Kerlin, 143 La. 242, 78 South. 482; Succession of Guillemin, 2 La. Ann. 636.

Architect fees. 13 Orl. App. 293.

It is therefore ordered that the pleas of prescription of three and five years be overruled; that the judgment appealed from be reversed and set aside, and that this case be remanded for trial according to law.

The costs of appeal to be paid by the defendant and appellee, and the costs of the trial court to await the final judgment herein.