ALEXANDER HAMILTON INSTITUTE v. MORRISON

———

(March 26, 1928. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Prescription—Par. 87, 89, 99.**

The three-year prescription in paragraph 3 of Art. 3538 of the Civil Code as to unpaid salaries of teachers by the year or quarter does not apply to a suit for balance due on a written contract for a business course (including 24 books) for printed lectures, trade reviews and business reports, especially where the amount due was acknowledged in writing by the debtor three months after contract was signed.

Appeal from the First City Court, Division "B." Hon. Val J. Stentz, Judge.

Action by Alexander Hamilton Institute against George H. Morrison.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

L. R. Wertheimer, of New Orleans, attorney for plaintiff, appellant.

Prentice Edrington, of New Orleans, attorney for defendant, appellee.

JONES, J. This is a suit for one hundred twenty-eight ($128.00) dollars based upon a written contract wherein the defendant agreed to enroll in a certain course of study for a certain amount, payable in installments, and the plaintiff agreed to enroll him and furnish him certain books and papers and in addition the course of study described in the contract. An exception of prescription of three years under Art. 3538, C. C. was filed and also a denial of the receipt of the books by defendant. The record discloses that plaintiff proved all the allegations of the petition and in addition shows delivery by the express company of the twenty-four bound volumes. After taking the matter under advisement and hearing argument of counsel the trial court in a written opinion maintained the plea of prescription and dismissed plaintiff's suit.

Defendant urges that the claim is one of a teacher by the year or quarter and so falls within Article 3538 C. C., and is prescribed by three years notwithstanding the written contract.

The material part of the contract, which was attached to the petition reads as follows:

"Alexander Hamilton Institute:

"Please enroll me for your Modern Business Course and Service, extending over a period of two years from the date of enrollment and including: Modern Business Text—twenty bound volumes containing a digest of present day business principles and practice, forwarded immediately, express prepaid. Modern Business Talks, directing reading of text, one every two weeks. Modern Business Lectures, the experience of prominent business men, one every month. Modern Business Problems, actual business problems, solutions to which will be reviewed one every month. Modern Business Service, answers to all inquiries in connection with the course, for Modern Business Reports to be selected by subscriber; Monthly letter on Business Conditions and the Monthly Financial and Trade Review.

"In consideration of my enrollment for the above course and service, I agree to

pay to your order the sum of $136.00, $8.00 cash and $8.00 month.

"(Signed)
"Geo. H. Morrison, Sept. 24, 1923.

"Application with payment of $8.00 received by P. A. Gregory, agent.

"Accepted—9-27-23.
"Alexander Hamilton Institute,
"Per L. H. S.

"NOTE—All payments (except first, which should be made to representative at time of giving application) are to be sent by mail to Alexander Hamilton Institute. Should any part of the balance remain due and unpaid for sixty days, the entire balance becomes immediately due and payable. This contract is not subject to revocation; no reduction or allowance will be made on account of refusal or inability to enter upon or continue the course; no modifications or conditions, except as herein expressed in writing, will be recognized. The retention of this application denotes its acceptance.

"(Signed) Geo. H. Morrision."

On January 18, 1924, in reply to a letter of January 9, 1924, demanding payment of amount then due, twenty-four ($24.00) dollars, defendant answered:

"Mr. T. V. Morton.
"Gentlemen:

"These books are in the office just like they came, never unpacked.

"I told your agent before he went to New York to explain to you that my wife objects to me having them, so I have never taken them home. I have paid $8.00 on them and I told your agent I would pay $16.00 more and return your books to you. Please advise.

"Yours truly,
"(Signed) Geo. H. Morrison."

This proposition was declined on January 24, 1924, and many other demand letters were written defendant by plaintiff, but no reply was made by him.

The applicable portion of Art. 3538 C. C. reads as follows:

"The following actions are prescribed by three years. That for the salaries of over-seers, clerks, secretaries, and of teachers of the sciences, who give lessons by the year or quarter.

"This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or action commenced."

In Union Title Guarantee Co. vs. Perkins, 5 La. App. 389, this court said:

"The contract between the parties to this suit was that in consideration of $252.50 the plaintiff would guarantee defendant's title in favor of the Industrial Homestead Association as mortgagee. It was a contract of guarantee. The consideration of defendant's obligation to plaintiff was not for labor, nor for the price of goods, nor for the services, nor for any of the consideration mentioned in C. C. 3538.

"Prescription cannot be extended by analogy from one subject to another. Police Jury vs. McDonough, 10 La. Ann. 395; Cooper vs. Harrison, 12 La. Ann. 632; Garland vs. Estate of Scott, 15 La. Ann. 143; Flash, Hartwell & Co. vs. N. O. J. & C. N. R. R. Co., 23 La. Ann. 353; Knoop, Hanneman & Co. vs. Blaffer, 39 La. Ann. 23, 6 South. 9; John Chaffe & Sons vs. Walker, 39 La. Ann. 39, 1 South. 290."

The prescription pleaded must come clearly under one of the provisions of the law.

In the case of N. O. I. & G. N. Rrd. vs. Estlin, 12 La. Ann. 184, defendant was sued for a balance of subscription to the stock of the company. The defendant pleaded prescription of three years on "open accounts." The court rejected the plea and said:

"But that defendant was not sued upon an 'open account'; the demand is based upon an express and written contract. The defendant's subscription bound him to pay a liquidated sum." Idem. 388-527; 4 Wall. 650.

In the instant case this is a suit on a written contract, not for the salary of a

teacher as expressly stated in terms in Art. 3538 C. C., but for the price of certain books, papers, etc., and a definite, prepared, printed course of instruction for a definite sum. This claim is entirely different from a monthly, quarterly or yearly salary as contemplated by the Code.

The cited article never was intended to cover such a case as this. No unpaid salary of a teacher of science by the year or quarter is involved here. The contract and the evidence in the record show that balance due is claimed for twenty-four books delivered, for printed lectures, for solution of business problems as submitted, for business letters, for business reports and trade reviews. At the time this Article in the Code was written such correspondence business courses were unknown and the article of the Code was intended to refer to the unpaid salaries of teachers who had been employed to give lessons in the school or privately by the quarter.

Defendant cites only one case referring to teachers. That of Cushman vs. Harris, 14 La. Ann. 59, but this decision is clearly not applicable.

That was a suit for the recovery of salary by teacher in a school kept by the defendant under a written contract for a salary of ninety ($90.00) dollars per month. The prescription of Art. 3534 covering teachers by the month was applied, although the contract was in writing.

Furthermore, defendant's letter written on January 18, 1924, almost three months after he had signed the contract, was an acknowledgment of the obligation, as he asks therein to compromise it by returning the books and paying sixteen ($16.00) dollars additional.

For above reasons the judgment is reversed and it is now ordered that there be judgment in favor of plaintiff, Alexander Hamilton Institute, and against defendant, Geo. H. Morrison, in the sum of one hundred twenty-eight ($128.00) dollars and all costs.