### No. 11,757

### Orleans

___

### DERBES, CABALLERO & MILLER v. CHECKER CAB CO.

___

(February 17, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)

___

Frymire & Ramos, of New Orleans, attorneys for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff, an ordinary partnership composed of five partners, engaged in the business of general bookkeeping, auditing, and accounting in New Orleans, sued the defendant on an alleged verbal contract for the sum of $200, representing the last installment due under the contract for general bookkeeping and accounting work performed for defendant during the month of March, 1925. Defendant filed a general denial, and on the day of the trial filed a plea of prescription of three years, which was referred to the merits by the lower court. There was judgment in favor of plaintiff for the full amount prayed for, and defendant has appealed.

The plea of prescription was not argued before this court, and counsel for the defendant has not cited any authority in support of it, except article 3538 of the Revised Civil Code. He does not point out why or what portion of the article is applicable here, but we assume that he refers to that part of it which reads as follows:

"3538. *Three Years' Prescription.* The following actions are prescribed by three years: * * * Overseers, Clerks, Teachers by the Year or Quarter. That for the salaries of overseers, clerks, secretaries, and of teachers of the sciences, who give lessons by the year or quarter."

We fail to see where the above portion of the article of the Code is applicable, first, because this is a suit on a contract; and, second, because the kind of services rendered by plaintiff do not come within the provisions of the above article.

In the case of Union Title Guarantee Co. vs. Perkins, 5 La. App. 389, this court said:

"Prescription cannot be extended by analogy from one subject to another. Police Jury v. McDonogh, 10 La. Ann. 395; Cooper v. Harrison, 12 La. Ann. 632; Garland v. Estate of Scott, 15 La. Ann. 143; Flash, Hartwell & Co. v. N. O., J. & G. N. R. R. Co., 23 La. Ann. 353; Knoop, Hanneman & Co. v. Blaffer, 39 La. Ann. 23, 6 So. 9; John Chaffe & Sons v. Walker, 39 La. Ann. 39, 1 So. 290.

"The prescription pleaded must come clearly under one of the provisions of the law."

The plea of prescription was therefore properly overruled.

On the merits, the record shows that the plaintiff and defendant entered into a verbal contract whereby plaintiff was to keep the defendant's books in the regular course of its taxicab business for the remainder of the year 1924 and for January and February, 1925, and to render accounting serv-

ices in connection therewith at an agreed price of $200 per month.

The defendant paid plaintiff all of the installments due under the contract for the previous months, but refused to pay the installment due for the month of March, 1925, contending that plaintiff failed to comply with its contract in failing to balance the books and reconcile the bank statement therewith, and refusing to render services as a certified public accountant to audit the books of the defendant.

Plaintiff contended that all services contracted for were rendered in the same manner as they had been rendered during the previous months under the contract, and that it was impossible to balance the books with the bank statement, because the bank statement was not ready at the time plaintiff gave up its contract with defendant, and that the reconciliation of the bank statement with the books was only a matter of a half hour or an hour's work, and that plaintiff was not obligated under its contract to render any services as a certified public accountant to audit the books of defendant.

It appears that the plaintiff kept a competent bookkeeper regularly at defendant's place of business for general bookkeeping purposes, and that his work was regularly checked by members of the partnership or experienced accountants who were in the employ of plaintiff. The work was done during the month of March in the same manner as it had been previously done, and the defendant made no complaint. The federal income tax return was prepared by plaintiff, and it is admitted that this work was done correctly. Plaintiff voluntarily gave up its contract with defendant on April 1, 1925, without defendant having requested plaintiff to do so. Defendant then engaged the same bookkeeper, who had been previously in the employ of plaintiff and who had kept the defendant's books, to continue in the same capacity. This party subsequently became a certified public accountant, and at the time of the trial was still in the employ of defendant.

We are convinced that the plaintiff has proven by a preponderance of the evidence that the services contracted for were properly and competently rendered.

The judgment appealed from is therefore affirmed.