No. 713

First Circuit

SOUTHERN UNION LIFE INSURANCE CO. v. GODCHEAUX ET AL.

(January 26, 1931. Opinion and Decree.)

John W. Lewis, of Opelousas, attorney for plaintiff, appellant.

Dubuisson, Perrault & Burleigh, of Opelousas, attorneys for defendants, appellees.

MOUTON, J. On the 16th of July, 1924, defendant, J. L. Godcheaux, was employed by plaintiff company as a solicitor for applications for life insurance policies.

This suit is brought for nets and advances to J. L. Godcheaux for 1926 to the amount of $2,019.57, subject to credits for $389.52. To secure the performance of his contract, J. L. Godcheaux furnished a penal bond for $500, signed by Charles A. Godcheaux and Sylvan Godcheaux.

Judgment was rendered against J. L. Godcheaux for the amount claimed and against the bondsmen for $500.

The defendant, J. L. Godcheaux, on a plea in bar of the action, alleged that the contract was entered into in the state of Texas, where he resided, and where he was still legally domiciled, and that the bond had also been executed there. Grounding themselves on the foregoing allegations, the defendant averred that, under the statute of limitation in Texas, an open account is prescribed in two years and a bond in four. They pleaded for the application of the Texas statute of limitation to the account and bond, and, in the alternative, that the prescription of three years under the laws of Louisiana be applied to the account, but no prescription under the laws of this state is urged as to the bond.

Where a contract or obligation has been entered into between persons residing out of the state of Louisiana, and to be paid or performed out of this state, and such obligation is barred by the statute of limitation of the place where the contract is to be performed, the same shall be considered prescribed in this state, upon the debtor, thus discharged, subsequently coming into Louisiana. Civil Code, art. 3532.

The burden of proof is on the party pleading prescription. Hunter v. Martin, 135 La. 351, 65 So. 486; Starns et al. v. Hadnot et al., 45 La. Ann. 324, 12 So. 561; Pitkin v. Rosseau, 14 La. Ann. 511.

The defendant, J. L. Godcheaux, has failed to show that he came to Louisiana subsequent to his discharge as debtor under the statute of limitation of the place where the obligation was to be performed, so as to bring his defense within the purview of article 3532, Civil Code. No brief was filed by counsel for defendants, but we take it from the allegations in their plea of prescription that the defense urged was based on the provisions of that article of the Code.

The forms, the effects, and the prescription of actions are governed by the law of the place where they are brought. Code Prac. art. 13.

The suit here is by a principal against its agent for a balance due on account. Such an action is not an action on open account prescribed in three years under the provisions of article 3538, Civil Code, but is a personal action prescribed in ten years. Cooper v. Harrison, 12 La. Ann. 631; Millaudon v. Lesseps, 17 La. Ann. 246; Means v. Ross, 106 La. 175, 30 So. 300.

No answer was filed contesting the correctness of the amount claimed; the only defense being one of prescription hereinabove discussed.

We find no merit in that plea, and no error in the judgment rendered against defendants.