The plaintiff seeks to recover the sum of $1875 from the Parish of Plaquemines as being the balance due him for salary and expenses as assessor of said Parish, during the years 1933 to 1936, both inclusive. In his original petition he alleges that his salary during that period amounted to $8000, and his expenses to $8850, and that on the former he received $7500, and on the latter $7475, leaving a balance due him of $500 and $1375 respectively, a total of $1875. According to his petition, plaintiff qualified as assessor on January 1, 1933, and his term of office expired on December 31, 1936.
The Parish of Plaquemines, through the President of the Police Jury of said Parish, excepted to the plaintiff's petition on the ground that it disclosed no right or cause of action.
The District Judge concluded from the oral disclosures and argument of counsel, that the exception was one levelled at the factual insufficiency of plaintiff's demand, rather than at the cause of action therein sought to be stated, which, even upon full proof of its contents, would still not afford *Page 293 
the relief demanded. Accordingly, considering it, in effect, as one of vagueness, the exception was overruled and plaintiff was permitted to amend and supplement his allegations within a fixed time, under penalty of dismissal of his suit.
The plaintiff thereupon filed a supplemental petition in which it is alleged that the tax rolls for the year 1936 were prepared by him and approved both by the Board of Equalization for the Parish of Plaquemines and the Louisiana Tax Commission, and duly filed with the Sheriff and Clerk of Court of said Parish, respectively; that in compliance with Section 2 of Act 84 of 1936, he submitted to the Supervisor of Public Accounts a detailed itemized statement of his office expenses, together with cancelled checks, bills, receipts, vouchers, etc., evidencing the payment of such expenditures for the year 1936, to the satisfaction of said Supervisor; that in compliance with Section 5 of said Act, he rendered to the said Supervisor sworn statements showing the total amount of taxes assessed for the account of the State, Parish, school, road and other accredited purposes, and also showing the pro-rata thereof to be appropriated and paid by each recipient as their respective share of his statutory salary and expenses, copies thereof being filed with the Parish Treasurer and the Treasurers of all other recipients for whose benefit the taxes would be collected; that in compliance with the approval of said Supervisor, the State of Louisiana paid its pro-rata of $780.12 to the defendant Parish. Plaintiff further alleges that wherein in his original petition it is alleged that office expenses of $8850 were due him during his four year occupancy of the office, that this figure should be $8500, and that the amount of $7475 allegedly received should likewise be changed to read $7,125, leaving, however, an unchanged balance of expenses claimed of $1375.
After a disposal of incidental pleas, defendant Parish again filed an exception of no right or cause of action and a plea of prescription of three years as to all claims for salary and expenses up to and including October 31, 1936. By agreement of the parties these exceptions were referred to the merits of the case.
The answer of defendant is a general denial of all allegations contained in plaintiff's original and supplemental petitions.
There was judgment in the court below in favor of the plaintiff and against the defendant Parish in the sum of $500 for the deficit in salary for the year 1936, and dismissing plaintiff's demand for office expenses alleged to have been incurred, from which judgment defendant has appealed. Plaintiff has answered the appeal and therein seeks an amendment of the judgment so as to include the office expenses claimed, or in the alternative, that the case be remanded to the lower court for further proceedings on that particular feature of his claim denied below.
The exception of no legal right of action is based on the provision of Article 119 of the Code of Practice that suits against corporations "must be brought against them under their legal titles". Defendant contends that the "Police Jury of the Parish of Plaquemines" is the governing authority of said. Parish; that said Police Jury, vested with certain rights and powers in the administration of the affairs of the Parish, among which is that of suing and being sued by its corporate name, is a political corporation and against whom plaintiff must seek his relief, while on the other hand, the "Parish of Plaquemines" against whom the suit is directed, is purely a geographical denomination. We are referred to the provisions of the statute, under which the plaintiff predicates his demand, wherein it provides that the "Police Jury" and not the "Parish" shall advance the finances to pay the assessor's salary and expenses.
In the case of Police Jury of LaSalle Parish v. Police Jury of Catahoula Parish, 145 La. 1053, 83 So. 250, 253, the Supreme Court reviewed the historical development of Police Juries. From the opinion it appears that the Constitution of 1812 (Article 2. paragraph 10) referred to certain areas as "Parishes" and others as "Counties". However, since that time the term "parishes", in referring to such subdivisions, has been always used; that it was only in the Constitutions of 1879 (Art. 249) where "parishes" were declared to be bodies corporate. We find a similar provision incorporated in the Constitutions of 1898, 1913 art. 277, and 1921, art. 14, § 1. The Supreme Court further observed that as early as 1807 and 1813, "there was legislation creating bodies called `police juries' and vesting them with authority to administer the affairs, for the most part, of the different parishes". It was also observed that though Police Juries possessed the authority to sue in certain specifically named *Page 294 
instances, there was no general authority conferred, in express terms, to sue and be sued. The court approvingly quoted from Dillon on Municipal Corporations, (4th Ed.) Vol. 2, Page 658, Section 563, note; same volume page 787, section 661, note, saying: "Counties are, however, classified * * * as quasi corporations, or involuntary political or civil divisions, created by general laws to aid in the administration of government, and, though they are ranked low down in the scale or grade of corporate existence, they are, nevertheless, recognized as possessing certain of the privileges which pertain to corporations proper, such as that of acquiring and holding property and of appearing in Court for the protection of their rights".
The Supreme Court in the cited case thereupon drew a similarity between the powers usually exercised by counties and that vested in Police Juries as the representatives of the people. After reviewing the powers ordinarily exercised by Police Juries and commenting on the complete lack of authority, on the part of either the Parishes or the Police Juries, (save as is granted under specific instances) to sue and be sued, the Supreme Court recognized that being political corporations, either the Police Jury, for and on behalf of the Parishes, or the Parishes, in their own names, may sue or be sued, and that such a course of procedure had been sanctioned by a century of jurisprudence. The court then referred to a list of cases in which this right had been exercised either by the Parish or the Police Jury. It is significant also that the Supreme Court declared in the cited case that though the suit was between the respective Police Juries of two Parishes, it would have been simpler and more logical had the suit been brought "in the name of the parish in behalf of which the claim is made and against the Parish which is the real debtor". (Italics ours) The cited case involved a monied demand as is presented here.
In the instant case, plaintiff's demand equally involves matters affecting the affairs of the Parish of Plaquemines as well as the administration of those affairs by the Police Jury of that Parish. It is manifest that the real party in interest is the Parish of Plaquemines and redress for the vindication of named rights may be judicially sought either against the Parish in its name, as was here done, or through its acknowledged agents.
The exception of no cause of action is based upon the failure of the plaintiff to have alleged (a) the actual amounts incurred and expended by him for clerical and other expenses of his office, together with attached itemized statements showing disbursement of such expenditures, all as required by Act 84 of 1936; and (b) the pro-rata of his salary and expenditures which may be due by the Parish towards the payment of the assessor's salary and expenses.
We cannot fail to observe that plaintiff's petition is loosely and inadroitly drawn with the absence of certain enlightening allegations. From a fair reading of the original and supplemental petitions we find that, though plaintiff failed to allege the actual amounts incurred and expended by him for clerical and other expenses of his office, and has not attached itemized statements showing what disbursements were actually made and the pro-rata of that amount as being due by the Parish, there are allegations which sustain a cause of action.
It is to be noted that the unpaid portion of the salary and expenses claimed involves that due during the year 1936. This is fairly ascertainable from plaintiff's supplemental petition. Plaintiff alleges that he submitted to the Supervisor of Public Accounts a detailed itemized statement of his office expenditures for the year 1936, which was in turn approved by that official; that, based upon the tax rolls compiled by him for the year 1936, which were approved by the prescribed authorities and thereafter filed with the Sheriff and Clerk of Court of said Parish, he rendered to the Supervisor of Public Accounts sworn statements showing the total amount of taxes assessed for the account of the State, Parish and all other purposes; that these statements, based upon the amount of taxes to be collected for the benefit of each recipient, also showed the pro-rata that was due by each recipient towards the payment of the assessor's salary and expenses; and that these statements were filed with the Parish Treasurer and the Treasurers of all other recipients.
We can reasonably conclude that the failure of the plaintiff to have made the allegations, the absence of which is complained of by defendant, is because having rendered to the Supervisor of Public Accounts, to the Parish Treasurer, and the *Page 295 
other Treasurers of tax recipients these sworn statements which disclosed these facts, and having had such statements duly approved, as alleged, plaintiff reasonably concluded that the sums therein set out to be due, together with the pro-rata of each recipient, became a fixed, certain and liquidated claim, the recovery of which could be had by averring only the facts as are found in both petitions.
Section 6 of Act 84 of 1936, provides: — "That the salaries provided for the Assessors, and the expense allowances named herein shall be paid to them monthly on warrants approved by each Assessor for the monthly expenses of the office by the Parish Treasurer, and for this purpose the Police Jury and the other tax recipient bodies of the parish (except in those parishes that have Ten Million Dollars ($10,000,000) or less in total assessments, and in that case the finances shall be advanced by the Police Jury, said advances to be reimbursed from the Assessors' Salary and Expense Funds) shall advance such sums as may be necessary to pay the salaries and expenses aforesaid in proportion to the amount of taxes received".
Manifestly, the salaries and expenses provided for assessorsshall be paid to them monthly by the Parish Treasurer, and the amounts so needed for that purpose shall be advanced by the Police Jury and other tax recipient bodies. In Parishes having less than the prescribed assessment value, the Police Jury alone shall advance these monthly amounts to be paid the assessor, and in turn to be reimbursed from the assessor's salary and expense fund, the latter created (Section 3 of the Act) by contributions from each tax recipient body.
It is also evident that under Section 3 of the Act, the assessor's salary and expense fund, shall be under the control and custody of the Parish Treasurer, charged with accounting for all sums received and disbursed.
Manifestly, the payment of plaintiff's monthly salary and expenses were to be made by the Parish Treasurer, and in the instant case, from finances advanced by the Police Jury, the latter being reimbursed from the particularly named fund to which contributions were exacted by law. In seeking to recover the amounts allegedly due, plaintiff could rightfully disregard the tax recipient bodies and look alone to the Parish of Plaquemines, acting through its constituted agency, for payment, which is done in this instance.
Again, the facts, the absence of which is complained of, are not only matters requiring proof on a trial of the merits, but from plaintiff's averments were already within the peculiar knowledge of defendant, as disclosed by the sworn statements referred to. Certainly, defendant could not reasonably plead surprise on the submission of this proof.
We conclude that plaintiff's petitions state a cause of action.
Plaintiff's annual salary as assessor was $2,000 per year, Section 1, Act 232 of 1928. The record discloses that during the year 1936, plaintiff was paid by the Parish Treasurer, through the medium of checks, the amount of $1,541.61. These payments extended from March 2, 1936, through October 1, 1936. The testimony of the Parish Treasurer, as reflected by the fiscal books of his office, sustains this proof, which was in turn corroborated by the testimony of plaintiff. Defendant offered no proof to contradict or refute this evidence. Undoubtedly, through error of calculation, the District Judge granted judgment in favor of plaintiff for the amount of $500, being the unpaid balance of plaintiff's annual salary. It being conceded by plaintiff that he actually received $1,541.61, leaving a balance due him of $458.39, the judgment rendered below must necessarily be amended in that respect.
We do not find the required measure of proof to sustain plaintiff's demand for clerical and other expenses allegedly incurred and expended by him in the operation of his office. Undoubtedly, the plaintiff, as assessor, would be ordinarily entitled to such expenses as are legally allowable.
Under Section 2 of Act 84 of 1936, the maximum allowance for such expenses was fixed at $2,500 per annum, and under Section 7 of the said Act, this allowance applied for expenses incurred during the calendar year of 1936. The plaintiff, however, as assessor, was not entitled to the maximum amount of the expense allowance as of right, but was limited to the actual amount expended by him in the operation of his office. To warrant the payment of the expenses actually incurred and expended, the Act (Section 2) required plaintiff to submit a detailed, itemized statement together with cancelled checks, bills, *Page 296 
receipts, vouchers, etc., evidencing the payment of such expenditures.
To entitle plaintiff the right of recovery, there must be proof submitted showing the nature and legality of each and every item of expenditure. Certainly, the defendant was entitled on the trial below to question the correctness of each and every item, and to inquire into their legality. We have not been shown, nor are we able to find, any proof of the nature of the expenses incurred, the amounts, the purpose thereof, the dates disbursed, and the parties to whom payments were made. The record does not contain the sworn itemized statements alleged to have been rendered to the Supervisor of Public Accounts, nor have any copies thereof been tendered in evidence. In the written reasons assigned by our learned brother below, he comments upon the "subtle attempt from the very beginning to the end to deprive the Court of knowledge" on the matter at issue. He also observed that though plaintiff held a sheath of papers and documents in his hands while testifying, presumably representing expenses incurred by plaintiff during the year 1936, these were not offered in evidence, and that the plaintiff's testimony in connection therewith was no more enlightening than the papers, the contents of which were clouded in secrecy.
We conclude, as did the trial judge, that the proof in support of the validity of plaintiff's demand on that particular feature of the case is singularly wanting.
Defendant has interposed a plea of prescription of three years for any claim alleged to be due up to and including October 31, 1936, relying upon the provisions of Article 3538 of the Revised Civil Code. It is conceded that any salary expenses to be due plaintiff as assessor would be payable at the end of each month, and that, should the three year prescriptive period apply, all claims for salary and expenses up to and including October 31, 1936, would have prescribed October 31, 1939. This suit was filed on November 29, 1939.
Article 3538 of the Revised Civil Code prescribed by three years actions of Parish Recorders, Sheriffs, Clerks of Court and Attorneys for their fees and emoluments, and also prescribes actions which may be brought on "all other accounts".
From a reading of the codal article relied upon by defendant it is readily seen that the office of assessor is not named therein.
Article 3470 of the Code provides that: "There are no other prescriptions than those established by this Code and the statutes of this State now in force".
It must, therefore, be conceded that statutes of repose, founded as they are on public policy, being stricti juris, must come clearly under specific provisions of the law. And it is axiomatic that prescription cannot be extended by analogy from one subject to another. Police Jury v. McDonogh, 10 La.Ann. 395; Cooper v. Harrison, 12 La.Ann. 631, 632; Garland v. Estate of Scott, 15 La.Ann. 143; Flash, Hartwell Co. v. New Orleans J. 
G.N.R. Co., 23 La.Ann. 353; Knoop, Hanneman Company v. Blaffer, 39 La.Ann. 23, 6 So. 9; John Chaffe Sons v. Walker, 39 La.Ann. 35, 39, 1 So. 290; Union Title Guarantee Co. v. Perkins, 5 La.App. 389; Derbes, Caballero Miller v. Checker Cab Company, Inc., 12 La.App. 549, 126 So. 261; 14 Tulane Law Review 522.
Applying these principles we are constrained to hold that the office of assessor does not fall or come within the provisions of the codal article relied on by defendant.
Defendant also argues that that portion of the codal article dealing with "all other accounts" is applicable to the demand of plaintiff. We fail to see its applicability. The prescription of three years in regard to "all other accounts" undoubtedly deals with and has reference to "open accounts", to accounts for goods sold, and merchant's accounts against their principals, and generally to those business or other relations in which accounts are usually kept. Reddick v. White, 46 La.Ann. 1198, 15 So. 487.
Here the defendant is not sued upon an account, but a demand based upon an express statutory provision in which the Parish Treasurer is bound to pay plaintiff a fixed and liquidated salary each year during the period of his tenancy of the office of assessor.
The plea of prescription is, accordingly, overruled.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and it is amended so as to reduce the amount allowed plaintiff from the sum of $500 to the sum of $458.39. In all other respects it is affirmed. Defendant to pay all costs.
Amended and affirmed. *Page 409