AYRES, Judge.
Plaintiff, a certified public accountant engaged in the practice of his profession in the City of-Shreveport, sued the-defendant on an alleged verbal contract for the sum of $1,027.09, representing the balance due under the contract entered into during June, 1949, for the performance of certain accounting and auditing services, allegedly performed personally for the defendant, pertaining to ■ the financial condition and affairs of the Ouachita Steam Laundry, Inc., a Louisiana corporation, of which defendant was president and the holder of its entire capital 'stock, except two qualifying shares held by others.
There was judgment in favor of plaintiff as prayed for and defendant has appealed.
There is no dispute or contention as to the correctness of the charges for the services rendered. Defendant admits entering into the contract as alleged by plaintiff but avers that in so doing he was acting for and in behalf of the corporation and not in anywise in- his individual capacity.
Incorporated in defendant’s answer is a plea of three years’ prescription under LSA-C.C. art. 3538. Consideration shall be first directed to this plea. The services contracted for were begun immediately after the contract was agreed upon and performance thereof continued through the year 1950 and until July or August, 1951, when the final work was completed by the making and transmittal of the final reports to defendant and the entry of the final charges and the billing of the defendant therefor. The suit was filed May 31, 1954.
As we construe and interpret the contract, plaintiff was engaged to perform a certain specific work of accounting and auditing the records and financial affairs of the Ouachita Steam Laundry, Inc., as a whole and not by the day or month or for any other interval of time, notwithstanding that the- consideration for the services to be rendered was to be based and calculated upon specific rates for the time consumed and the necessary expenses incurred- in connection with the performance ‘of, the task contracted to- be done.
*174 ■ In Derbes, Caballero & Miller v. Checker Cab Co., Inc., 12 La.App. 549, 126 So. 261, the Court of Appeal of the Parish of Orleans under a- very similar state of facts overruled a like plea' of prescription. The plaintiff there, an ordinary partnership engaged in the business of general bookkeeping, auditing and accounting, sued the defendant' for a balance due under a verbal contract for bookkeeping and accounting work performed during March, 1925. On the day of trial defendant filed a plea of three-year prescription. As to this plea, the court stated:
“The plea of prescription was not argued before this court, and counsel for the- defendant has no.t cited any authority, in support of it, except article 3538 of, the Revised Civil Code. ■He does not -point out why or what portion of the article is applicable here, but we assume - that he refers to that part of it which ’reads as follows:
“ ‘3538. Three Years’ Prescription, The following actions are prescribed by three years: * * * Overseers, Clerks, Teachers ' by the Year or Quarter. That for the salaries of overseers, clerks, secretaries, and of teachers of the sciences, who give lessons by the year or quarter.’
“We fail to see where the above portion of the article of the Code is applicable, .first, because this is a suit on a contract; and, second, because the kind of services rendered by plaintiff do not come within the provisions of the above article.' ’
“In the case of Union Title Guarantee Co. v. Perkins, 5 La.App. 389, this court said:
“ ‘Prescription cannot be extended by analogy from one subject to another. Police Jury [of -East Baton Rouge] v. [Succession of] McDonogh, 10 La. Ann. 395; Cooper v. Harrison, 12 La. Ann. [631] 632; Garland v. Estate of Scott, 15 La.Ann. 143; Flash, Hartwell & Co. v. New Orleans, Jackson Great Northern Railroad Company, 23 La.Ann. 353; Knoop, Hanneman & Co. v. Blaffer, 39 La.Ann. 23, 6 So. 9; John Chaffe & Sons v. Walker, 39 La.Ann. [35] 39, 1 So. 290.
“ ‘The prescription pleaded must come clearly under one of the provisions of the law.’
“The plea of prescription was therefore properly overruled.”
For the’ sanie reasons we likewise find the plea here inapplicable and without merit. It was properly and correctly overruled.
Lastly, for .consideration.-are the issues presented for. determination on the merits. Plaintiff alleges the contract was by and cm behalf of the .defendant in his individual"'capacity, while defendant as strenuously' contends he was acting for and on behalf of the corporation, for whose obligations and indebtedness,, he has no individual liability or concern. As the trial judge rendered'an oral opinion, we are not favored with his reasons for judgment. However, the decisive issue is whether or not defendant, in making the aforesaid contract, was acting fot himself individually or for'the corporation as its president.
The record discloses that during 1947 defendant, Ben Levy, August Goldstein and representatives of the Frances and Virginia Hotels in Monroe, formed a corporation under the name of Ouachita Steam Laundry & Dry Cleaning Company,. Inc., for the purpose of operating a laundry. That corporation was soon dissolved and a new corporation created under the name of Ouachita Steam Laundry, Inc., in which defendant Levy became the sole and only stockholder other than as to the two outstanding qualifying shares. By 1949 this corporation was having financial difficulties. Two firms of accountants ■ employed in connection with the affairs of said corporation were unpaid for their -services. Defendant’s investment was in jeopardy and he called upon plaintiff, with whom he. *175 had been associated in business in the Shreveport Laundries,. Inc. (Levy was- vice president and plaintiff .was treasurer -of that, corporation), to .render the- services contracted to be- done in order to effect some'means of saving his investment. The first, report of plaintiff disclosed that the corporation was in • a state of insolvency. Undoubtedly, the precarious financial corn dition of the corporation-. was' -known to plaintiff when the contract was entered into, and it would appear most unreasonable to conclude that plaintiff. would have un? dertaken the costly services'performed, requiring expenses for trips -from Shreveport to Monroe and for.hotel services, in addition to the usual expenses incurred in the performance of said work, without some assurance of payment from a responsible source. Whatever value, profit or advantage was to be derived from plaintiff’s services, defendant was to reap the benefit;
That'defendant had the right in his individual capacity to engage plaintiff’s services in his interest and for the protection! of his investment in the' corporation does not ádmit of a contention to the. contray. The reasonablness and probability of the situation support plaintiff’s version of the contract that , he, entered-into the cqntract with the defendant individually and that he would not have, performed the services looking to the corporation for his -compensation. ' • ' ' ■ ■' ■
Our-view of-the contract,.'as hereinabove stated, dispenses with the-necessity of any consideration or discussion of; the contentions made as to the individual liability or non-liability of a stockholder owning practically the’entire stock of a corporation for the corporation’s obligatiohs.
The trial court evidently accepted plaintiff’s version of the contract, and while plaintiff’s testimony is contradicted by that of the defendant, we are not in position to hold that manifest error was committed.
We therefore find- no error in the judgment appealed and, accordingly, it is affirmed at appellant’s costs.
Affirmed.