Dear Mr. Delahaye:
Your request for an Attorney General's opinion concerning Revised Statute 16:6, and whether or not the term "`police juries' is synonymous . . ." with parish political subdivision" has been forwarded to me for research and reply. You asked the following question:
 Does the new local government established by Home Rule have the same statutory obligation as the former police jury in reference to funding the District Attorney's office under La. R.S. 16:6?
The Constitution of Louisiana mandates that in all "judicial districts" a district attorney will be elected for six years, La. Const. Art. 5, § 26. Additionally, the Louisiana Constitution Art. 6, § 5(G) specifically states, "No home rule charter . . . shall contain any provisionaffecting . . . the offices of the district attorney, . . . which is inconsistent with this constitution or law." In Diaz v. Allstate Insurance Company,433 So.2d 699, (La. 1983), the Louisiana Supreme Court stated, "A district attorney is a constitutional officer who . . . exercises a portion of the sovereign power of the state within the district of his office. . . . His office, duties, and powers are governed by the constitution and the legislature, and are not subject to local control. . . . His office, therefore, is an office of state, not local government." Additionally, Louisiana Revised Statute 16:6 requires that a police jury must reimburse a district attorney for expenses accumulated. As a result, every judicial district must have an office of the district attorney. Also, the local government in the form of either a police jury or a council under a home rule charter may not adversely affect the office of the district attorney by legislation and it must reimburse the expenses of the district attorney.
The reasoning in Meyer v. Parish of Plaquemines,11 So.2d 291 (Orleans Ct. of App. 1942) is persuasive on this issue. In Meyer, a parish assessor received neither proper compensation for acting as such nor reimbursement for the expenses associated with his position. The court stated, "Parishes . . . are quasi corporations or involuntary political subdivisions created by general laws to aid in administration of government." Meyer at 294. The court held that a parish government in the interest of the administration of government must pay Mr. Meyer (the assessor) the proper income. Meyer at 296. Also, in dicta, the court stated that Mr. Meyer is entitled to the expenses of the assessor's office.Meyer at 295.
Since Iberville Parish is part of the Eighteenth Judicial District it must have an office of the district attorney. The governing body of Iberville Parish, whether a police jury or a council under a home rule charter, can not adversely affect the office of the District Attorney, by legislation. The governing body under either form is also responsible for reimbursing the district attorney expenses in accordance with La. R.S. 16:6. This reimbursement or funding is necessary for the state to exercise its sovereign power and the proper administration of government. Finally, the Louisiana Constitution and state law mandate these obligations by local government whether it is a police jury or a home rule charter form of government.
I hope that the foregoing has adequately answered you question. If our office can be of further assistance please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ Robert L. Odinet Assistant Attorney General
RECEIVED: October 22, 1997 RELEASED:
Robert L. Odinet Assistant Attorney General
 State of Louisiana DEPARTMENT OF JUSTICE
WILLIAM J. GUSTE, JR. 7TH FLOOR ATTORNEY GENERAL 2-3-4 LOYOLA BUILDING NEW ORLEANS 70112